UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| RAHEEM S. ASKIA, ) | Case No. CV 09-3638-RSWL(AJW) |
| ) | |
| Petitioner, ) | SUPPLEMENTAL |
| ) | REPORT AND RECOMMENDATION |
| v. ) | OF MAGISTRATE JUDGE |
| ) | |
| JAMES WALKER, ) | |
| ) | |
| Respondent. ) | |

On January 7, 2015, a report and recommendation ("report") was issued recommending that the petition for a writ of habeas corpus be denied. Petitioner filed objections, arguing in part that the report did not adequately address his allegations in support of his prosecutorial misconduct claim. In particular, petitioner objects that the report did not address his allegation that during closing argument the prosecutor argued that there was no evidence Karla Lopez was coerced to identify petitioner even though Lopez had been arrested days prior to the preliminary hearing and was on probation, so she was motivated to cooperate with the prosecution. [Objections at 4].

As presented in the petition, petitioner's prosecutorial misconduct claim alleged that the prosecutor presented false evidence (namely the testimony of Aragon), manufactured evidence, encouraged witnesses to lie, and then argued this false evidence to the jury during closing argument. [Petition at 6]. This is the same claim petitioner presented to the California Supreme Court [See Lodged Document ("LD") 12 at 4b], and that claim was addressed in the report. [See Report at 19-21]. To the extent that petitioner's allegation regarding Lopez is made in support of his claim that the prosecutor presented false evidence, it fails for the same reasons discussed in the report. That is, to prevail on a claim that a conviction was obtained by use of false testimony, petitioner must demonstrate that the challenged testimony was actually false, that the prosecution so knew or should have so known, and that the testimony was material. Hein v. Sullivan, 601 F.3d 897, 908 (9th Cir. 2010), cert. denied, 131 S.Ct. 2093 (2011). Petitioner has failed to establish that Lopez's testimony was false or that the prosecutor knew or had reason to know that it was false. See Morales v. Woodford, 388 F.3d 1159, 1179 (9th Cir. 2004) (a petitioner seeking reversal of a conviction based on the knowing use of perjured testimony must establish a "factual basis for attributing any misconduct, any knowing presentation of perjury, by the government"), cert. denied, 546 U.S. 935 (2005).

To the extent that petitioner attempts to raise a different claim (i.e., the prosecutor withheld evidence that Lopez faced criminal charges and was therefore motivated to cooperate with the prosecution), such a claim was not fairly raised in the petition, and the Court has discretion to decline to consider it. See Brown v. Roe,

1  279 F.3d 742, 744-745 (9th Cir. 2002), cert. denied, 546 U.S. 1019
2  (2005); cf. Sossa v. Diaz, 729 F.3d 1225, 1231 (9th Cir. 2013). Even
3  if the Court were inclined to consider this new claim, relief would be
4  unavailable because it has not been properly presented to the state
5  courts. See 28 U.S.C. § 2254(b)(1)(A).

   Petitioner's remaining objections already have been addressed in the report and do not warrant further discussion. For the foregoing reasons, as well as the reasons set forth in the report, the petition for a writ of habeas corpus should be denied.

Dated: February 17, 2015

_____
Andrew J. Wistrich
United States Magistrate Judge